**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**Civil Division**

THOMAS ESTRELLA

  Plaintiff,

                                               CASE NO.: 14-CA-12484

v.

ALLIANCE ONE RECEIVABLES
MANAGEMENT, INC.,

Defendant.

_____/

## FIRST AMENDED COMPLAINT

      Plaintiff THOMAS ESTRELLA, by and through his undersigned counsel, sues

Defendant ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. which has

attempted to collect a disputed consumer debt and further alleges as follows:

1.      Upon information and belief, Defendant is a foreign corporation doing business

throughout the State of Florida, including Hillsborough County, as a debt collector.

2.      The alleged violations and conduct of Defendant described in this Amended

Complaint occurred in Hillsborough County, Florida.

3.      Plaintiff is a natural person and citizen of the State of Florida, residing in

Hillsborough County, Florida.

4.      Plaintiff is a "consumer" as defined in Section 559.55(2), Florida Statutes and 15

U.S.C. §1692(a)(3).

5.      Plaintiff is an "alleged debtor.

6.      Defendant is a "creditor" as defined by Section 559.55(3), Florida Statutes.

7.      Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

8.      Defendant consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors.

9.      Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11.     At all times material to this action, Plaintiff disputed owing a debt to Defendant.

12.     On  September 16, 2013, Plaintiff advised Defendant to no longer contact Plaintiff, but instead to contact Plaintiff's legal representative, William John Gadd, Esquire regarding the Defendant's claims of Plaintiff's indebtedness.

13.     On or about  September 22, 2014  Defendant was aware that Plaintiff is represented by counsel in relation to the collection of the alleged debt.

14.     At no time did the Plaintiff authorize his cellular telephone number as an acceptable form of contact regarding the account.

15.     Defendant intensified their harassment and abuse by engaging in debt collection practices to collect a debt they knew Plaintiff did not owe.

16.     Defendant initiated its campaign of phone calls to Plaintiffs aforementioned

cellular telephone in an attempt to collect an alleged debt.

17.    Defendant's corporate policy and procedures provided ignored requests Plaintiff's cellular numbers removed from the call list.

18.    Defendant has a corporate policy to harass and abuse individuals in an attempt to collect a debt despite Plaintiff having never consented to calls to his cellular telephone using an automated telephone dialing system.

## COUNT I

### (Violation of the FCCPA ( November 15,  2013) against Defendant)

19.    Plaintiff incorporates Paragraphs 1 through 18 herein.

20.    On November 15, 2013 at 9:10 am, Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different prior occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

21.    At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

22.    Defendant has violated Florida Statute § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

23.    Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

24.    Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or

threatening to enforce a debt when such person knows that the debt is not legitimate.

25.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA (November 25, 2013) against Defendant)

26.     Plaintiff incorporates Paragraphs 1 through 18 herein.

27.     On November 25, 2013 at 11:03 a.m. and 1:24 p.m. Defendant contacted Plaintiff by a phone call placed to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

28.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

29.     Defendant has violated Florida Statute § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

30.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in

conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

31.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

32.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT III

### (Violation of the FCCPA (November 26, 2013) against Defendant)

33.     Plaintiff incorporates Paragraphs 1 through 18 herein.

34.     On November 26, 2013 at 1:18 p.m. Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

35.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

36.     Defendant has violated Florida Statute § 559.72(18) by communicating with a

debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

37.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

38.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

39.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT IV

**(Violation of the FCCPA (November 27, 2013 at 11:03 am) against Defendant)**

40.     Plaintiff incorporates Paragraphs 1 through 18 herein.

41.     On November 27, 2013 at 11:03 a.m.. Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

42.    At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

43.    Defendant has violated Florida Statute § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

44.    Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

45.    Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

46.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## <u>COUNT V</u>

**(Violation of the FCCPA (November 27, 2013 at 1:24 pm) against Defendant)**

47.    Plaintiff incorporates Paragraphs 1 through 18 herein.

48.    On November 27, 2013 at 1:24 p.m. Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

49.    At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50.    Defendant has violated Florida Statute § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

51.    Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

52.    Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

53.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT VI

### (Violation of the FCCPA (November 28, 2013 at 9:49 am) against Defendant)

54.     Plaintiff incorporates Paragraphs 1 through 18 herein.

55.     On November 28, 2013 at 9:49 a.m. Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

56.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

57.     Defendant has violated Florida Statute § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

58.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

59.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

60.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

     **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable

and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT VII

**(Violation of the FCCPA (November 28, 2013 at 11:17 am) against Defendant)**

61.     Plaintiff incorporates Paragraphs 1 through 18 herein.

62.     On November 28, 2013 at 11:17 a.m. Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

63.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

64.     Defendant has violated Florida Statute § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

65.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

66.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

67.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental

anguish, fear, worry, embarrassment, anger and frustration, as described by Florida

Statute § 559.77.

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable

and judgment against Defendant for statutory damages, punitive damages, actual damages,

costs, interest, attorney fees, enjoinder from further violations of these parts and any other

such relief this Honorable Court may deem just and proper.


## COUNT VIII

### (Violation of the FCCPA (November 29, 2013 at 9:49 am) against Defendant)

68.  Plaintiff incorporates Paragraphs 1 through 18 herein.

69.  On November 29, 2013 at 9:49 a.m  Defendant contacted Plaintiff by a phone call

to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he

was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road,

Suite 250, Clearwater, Florida 33762.

70.  At all times relevant to this action Defendant is subject to and must abide by the

laws of the State of Florida, including Florida Statute § 559.72.

71.  Defendant has violated Florida Statute §559.72(18) by communicating with a

debtor if the person knows that the debtor is represented by an attorney with respect to

such debt and has knowledge of, or can readily ascertain, such attorney's name and

address.

72.  Defendant has violated Florida Statute § 559.72(7) by willfully engaging in

conduct which can reasonably be expected to abuse or harass the debtor or any member

of his family.

73.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

74.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT IX

### (Violation of the FCCPA (November 29, 2013 at 11:17 am) against Defendant)

75.     Plaintiff incorporates Paragraphs 1 through 18 herein.

76.     On November 29, 2013 at 11:17 a.m. Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

77.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

78.     Defendant has violated Florida Statute §559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

79.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

80.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

81.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT X

### (Violations of the FCCPA (July 19, 2014) against Defendant)

82.     Plaintiff incorporates Paragraphs 1 through 18 herein.

83.     On July 19, 2014, Defendant contacted Plaintiff by a phone call to Plaintiff's cell phone after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

84.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

85.     Defendant has violated Florida Statute § 559.72(18) by communicating with a

debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

86.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

87.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

88.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## COUNT XI

### (Violations of the FCCPA (July 9, 2014) against Defendant)

89.     Plaintiff incorporates Paragraphs 1 through 18 herein.

90.     On July 9, 2014, Defendant contacted Plaintiff by sending a letter to Plaintiff after being advised by Plaintiff on two different occasions that he was represented by William John Gadd Esquire whose address is 2727 Ulmerton Road, Suite 250, Clearwater, Florida 33762.

91.    At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

92.    Defendant has violated Florida Statute § 559.72(18) by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

93.    Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

94.    Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

95.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief this Honorable Court may deem just and proper.

## <u>COUNT XII</u>

### (Violations of 47 U.S.C §227, et seq., Telephone Consumer Protection Act)

96.    Plaintiff incorporates Paragraphs 1 through 18 herein.

97.    Defendant placed at least eleven (11) non-emergency calls to Plaintiff's cellular

telephone using an automatic telephone dialing system, or prerecorded or artificial voice without Plaintiff s prior express consent in violation of 47 U.S.C § 227(b)(l)(A)(iii).

98.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a prerecorded or artificial voice prior to Defendant's placement of the calls.

99.     Plaintiff is the "called party." *See* <u>*Soppet v. Enhanced Recovery Co., LLC*</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

100.    Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(l).

101.    Plaintiff never gave Defendant permission or express consent to call Plaintiff's cell phone number.

102.    Each call Defendant made to the Plaintiff s cell phone was done so without the "express permission" of Plaintiff.

103.    Plaintiff does not now, nor has he ever, had a business relationship with Defendant.

104.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(l)(A).

105.    Each call Defendant made to Plaintiff was an intentional and willful violation of the TCPA.

**WHEREFORE** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, costs, interest, attorney fees, enjoinder

from further violations of these parts and any other such relief this Honorable Court may

deem just and proper.

Respectfully submitted on February __12__, 2015.

**/s/Lisa R. Wilcox, Esquire/**

Lisa R. Wilcox, Esquire

FBN: 697291

Wilcox Law, PA - Main Office

721 First Avenue North, Suite 100

Saint Petersburg, Florida 33701

Office & Fax: 888.945.2695

Lisa@WilcoxLawPA.com

Co-Counsel for Plaintiff

**/s/W. John Gadd, Esquire**

W. John Gadd, Esquire

FBN: 463061

Gadd Law, PA - Main Office

2727 Ulmerton Road, Suite 250

Clearwater, Florida 33762

Office: 727.524.6300

WJG@MazGadd.com

Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

to Plaintiff via its attorney Sangeeta Spengler, Esq., Golden, Scaz, Gagain at

SPSpengler@gsgfirm.com on this _12___ day of February 2015.

**/s/Lisa R. Wilcox, Esquire/**
Lisa R. Wilcox, Esquire
FBN: 697291
